**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND, INDIANA**

| | |
|---|---|
| JACOB CRACHY | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: 2:21-cv-226 |
| v. | ) |
| | ) |
| SCHILLI DISTRIBUTION | ) |
| SERVICES, INC. | ) |
| | ) |
| Defendant, | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e. and 42 U.S.C. § 1981 as amended by the Civil Rights Act OF 1991; 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on April 29, 2021.

**PARTIES**

3. Plaintiff is a Caucasian male and at all relevant times he resided in the Northern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Northern District of Indiana.

## FACTS

5. Plaintiff began working for the Defendant as a Forklift Driver in March of 2019.

6. Plaintiff performed his job well.

7. From the beginning of Plaintiff's employment, Plaintiff's supervisor made jokes that were inappropriate and strongly sexual in nature. Plaintiff's supervisor continuously made sexually harassing comments to Plaintiff at work and through text messages when Plaintiff was not at work.

8. Plaintiff's supervisor would send sexually explicit memes through text message, sometimes very late at night.

9. Plaintiff would tell his supervisor that he was not interested in receiving these kinds of text messages, but his supervisor would continue to send them. Numerous other employees received messages of this nature and were also offended.

10. During work hours Plaintiff's supervisor would make comments about his physical appearance, refer to Plaintiff as 'an Adonis', and make comments about wanting to run his fingers through Plaintiff's hair and touch his genitals.

11. Plaintiff also complained to an area manager about the supervisors conduct, but Defendant continued to take no action.

12. On at least one occasion Plaintiff's supervisor jumped on the forklift Plaintiff was driving then began thrusting motions his pelvis in Plaintiff's face.

13. On March 4, 2020, Plaintiff informed his Supervisor that he was fed up with the supervisor's lying and sexually harassing conduct, and that Plaintiff intended to contact human resources.

14. On March 5, 2020, Plaintiff received a phone call from Defendant's Human Resources Associate, stating that he was being placed on suspension for an investigation pending termination.

15. Plaintiff attempted to reach out to coworkers, the human resources office, and the area manager, to get more information about what was happening with his job over the course of several weeks.

16. No one provided Plaintiff with information.

17. Plaintiff learned he was terminated when he attempted to apply for unemployment.

18. Similarly situated employees engaged in conduct of comparable seriousness, but were not terminated.

19. Plaintiff was harassed due to his sex.

20. Plaintiff was terminated to his gender.

21. Plaintiff was terminated for engaging in protected activity.

## COUNT I

22. Plaintiff incorporates by reference paragraphs 1-21.

23. Defendants, as a result of harassing Plaintiff due to his sex, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT II

24. Plaintiff incorporates by reference paragraphs 1-21.

25. Defendants, as a result of terminating Plaintiff due to his sex, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

26. Plaintiff incorporates by reference paragraphs 1-21.

27. Defendants, as a result of terminating Plaintiff for engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

### COUNT IV

28. Plaintiff incorporates by reference paragraphs 1-21.

29. Plaintiff was subject to a hostile work environment in violation of Title VII 42 U.S.C. § 2000 et al.

### COUNT V

30. Plaintiff incorporates by reference paragraphs 1-21.

31. Defendants, as a result of subjecting Plaintiff to a hostile work environment, violated Title VII 42 U.S.C. § 2000 et al.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff his cost in this action and reasonable attorney fees;

E. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Sarah E. Larimer
Sarah E. Larimer, 36230-29
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Sarah E. Larimer
Sarah E. Larimer, 36230-29
Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416