UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JACOB CRACHY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:21-CV-226-PPS-JEM |
| | ) | |
| SCHILLI DISTRIBUTION | ) | |
| SERVICES, INC., | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Discovery [DE 22], filed June 21, 2022.

**I.      Background**

On July 16, 2021, Plaintiff filed a Complaint for employment discrimination against Defendant, his previous employer. A scheduling order issued on October 8, 2021, with the discovery deadline later extended and to August 31, 2022. Defendant filed the instant motion to compel on June 21, 2022. On July 1, 2022, Plaintiff filed a response, and Defendant filed a reply on July 14, 2021. Plaintiff's motion for leave to file a sur-reply was granted and the brief was filed on July 27, 2022.

**II.     Analysis**

Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to

1

lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Likewise, "[t]he scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002); *see also Teton Homes Europe v. Forks RV*, No. 1:10-CV-33, 2010 WL 3715566, *2 (N.D. Ind. Sept. 14, 2010). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses, s*ee* Fed. R. Civ. P. 37(a), and Rule 45(c)(3)(A) allows a court to quash a subpoena based on a timely motion where the subpoena requires the disclosure of privileged or other protected matter or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

Defendant moves to compel Plaintiff to organize and address inconsistencies in discovery already produced; address the missing text messages; update interrogatories; and sign authorizations to obtain records. Plaintiff argues that the discovery responses have been provided and Defendant failed to comply with the requirements of Federal Rule of Civil Procedure 37 and Northern District of Indiana Local Rule 37-1 to confer in good faith to resolve discovery disputes

2

prior to involving the Court. Defendant filed a Rule 37 certificate, but Plaintiff argues that, although there was some communication between the parties, the motion was the first time he was apprised of the concerns with the manner in which he provided discovery. Counsel for Plaintiff acknowledges that not all of the responses were timely because of her schedule. The Court reminds counsel for Plaintiff that if extensions to deadlines are needed, she may petition the Court, and that initial extensions are authorized on notice to the Court if they are agreed to. *See* N.D. Ind. L.R. 6-1.

   A.   Document Identification

First, Defendant argues that Plaintiff's document was not numbered, and that there were inconsistences between the documents referred to in the original and supplemental responses. The documents were not identified by, for example, Bates Stamping. Defendant asserts that Plaintiff failed to correct the inconsistencies even after being asked, and Plaintiff argues that Defendant did not bring this issue to the attention of counsel during the Rule 37 meet-and-confer phone call and that counsel remains happy to discuss issues regarding the method of discovery production but does not know what is confusing.

In an email dated May 24, 2022, Defendant explained that although the original document list matches the documents originally referenced, "the RFC responses were not updated to match the Second Supplemental Documents List." Def. Rep. ex 2 p. 20 [DE 31-5]. In a follow up email on June 14, 2022, Defendant explained that "the discovery responses need to be reviewed to make it clear what documents are responsive to the respective RFC/Interrogatory." Pl. Sur. ex. A [DE 34-1]. In response, counsel for Plaintiff sent the responses again, on July 1, 2022, explaining that it was all they have. [DE 31-3; 34-2].

3

Although it does appear that the issue of method of production was not addressed at the meet and confer telephone conference, review of the correspondence reveals that Defendant did explain that there was a lack of clarity about what documents correspond with what request they were being provided as a response to. The request was not as clear as it could have been, but Plaintiff must supplement the discovery responses to clearly identify what documents are being provided as responsive to which requests. The parties should meet to determine the best method for accomplishing this clarification quickly.

B. Text Messages

Plaintiff alleges that he was harassed via text message. Defendant argues that a number of text messages allegedly including harassment were not provided without explanation, and that counsel for Plaintiff did not respond to Defendant's questions about the scope of the text message production. Defendant asserts that Plaintiff and his counsel had an obligation to preserve the messages and to reveal the destruction of this evidence when asked and argues that counsel for Plaintiff should have asked Plaintiff to attempt to locate the text messages, but information obtained at Plaintiff's deposition indicates that counsel did not do so. At the deposition, Plaintiff testified that his phone broke after he received a preservation notice, and that the text messages therefore could not be produced. Counsel for Plaintiff confirmed on July 1, 2022, that "[t]here are no additional text messages in [Plaintiff's] possession." Rep. Ex. 3 [DE 31-3]. Plaintiff reiterates that there is no intentional destruction or concealment of evidence, but that the messages were lost when the phone broke. It appears that Plaintiff has provided all of the text message evidence that exists, and therefore is limited to that evidence in the remainder of the case. Defendant requests an explanation as to why the text messages are unavailable, but it appears that it has now received

that explanation from Plaintiff and counsel for Plaintiff.

    C. Employment Information

Defendant argues that Plaintiff's response to an interrogatory requesting information about Plaintiff's employment was insufficiently specific. Plaintiff argues that the employment dates have been provided to the best of Plaintiff's knowledge. It is not apparent to the Court whether more information is needed, but it appears that Plaintiff has provided all of the information in his possession. The Court reminds Plaintiff of the obligation to update discovery responses if and when new information becomes available.

    D. Authorizations

Defendant argues that Plaintiff failed to execute all of the requested authorizations to allow Defendant to complete non-party requests for production of documents. Counsel for Plaintiff explained that there were technological difficulties in obtaining a signed copy of the SSA authorization, and it was provided before Defendant filed the reply brief. Defendant asserts that it still has not received the IRS authorization, and Plaintiff does not address that authorization. He is ordered to provide a completed IRS authorization form within 14 days of receipt of this order.

In conclusion, it appears to the Court as though Plaintiff's discovery responses are somewhat disorganized and some were late, without an extension being sought, but that counsel for Plaintiff has now provided most of the updated information.

**III.  Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Compel Discovery [DE 22] as described above.

As Rule 37(a) provides, when a motion to compel

>is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees

unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A). In this case, the question of document identification and organization was not adequately explored in the Rule 37 meet and confer process, so fees on that aspect of the motion are inappropriate. As to the information provided by Plaintiff after the motion was filed, the Court **ORDERS** Defendant to file, on or before **September 26, 2022**, an itemization of its costs and fees, including attorney's fees, incurred in making these portions of the Motion to Compel along with argument as to why those expenses are reasonable in this situation. The Court **ORDERS** Plaintiff to file a response by **October 10, 2022**, and Plaintiff to file a reply, if any, by **October 17, 2022**.

Since the discovery deadline has closed but there is still more discovery to be done in accordance with this Opinion, the Court **ORDERS** that the discovery deadline and mediation completion deadline are extended to **October 31, 2022**.

SO ORDERED this 12th day of September, 2022.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record